United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ROYLAND RICE,

    Defendant.

_____/

No. CR 01-40123 PJH

**ORDER DENYING MOTION TO DISMISS PETITION FOR REVOCATION OF SUPERVISED RELEASE**

On February 20, 2013, this matter came on for status conference, concurrent with a pretrial conference in the related action, *United States v. Rice*, CR 12-818 PJH. The court heard oral argument on defendant's motion to dismiss the petition for revocation of supervised release, and DENIED the motion for the reasons stated on the record and set forth below.

Defendant moves to dismiss the supervised release violation petition on the ground that he has a right to speedy trial for the alleged supervised release violations. Doc. no. 295. The petition to revoke supervised release was issued by the probation office on September 19, 2012, the date defendant was arrested by local police, and he was arrested by federal authorities for violation of the terms of his supervised release on September 21, 2012. Defendant contends that the government had an obligation to return him to the district court, which is the court having supervision over him, as speedily as possible after his arrest.

The Supreme Court has extended due process protection to probationers who are accused of having violated the conditions of their probation, as formalized in Federal Rule of Criminal Procedure 32.1. *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir.

2008). "Rule 32.1 prescribes three kinds of hearings: initial appearance, Rule 32.1(a); preliminary hearing, Rule 32.1(b)(1); and revocation hearing, Rule 32.1(b)(2). Each hearing has a timeliness requirement in the rule." *Id.* at 1259-60 (citing Fed.R.Crim.P. 32.1(b)(1)(A)(preliminary hearing "must [be] promptly conduct[ed]"), (b)(2)(final hearing to be held "within a reasonable time"). For the initial appearance, "A person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." *Id.* (citing Fed.R.Crim.P. 32.1(a)(1)). Due process claims for revocation proceedings warrant relief only if there is both unreasonable delay and prejudice. *Id.* at 1260.

Although defendant argues that his right to a speedy trial on the supervised release violation has been violated, doc. no. 295 at 3, *Santana* makes clear that "revocation of supervised release is not governed by the Sixth Amendment." 526 F.3d at 1262. Rather, the right to timely hearings on the petition for revocation of supervised release arises under the Due Process Clause of the Fifth Amendment, as applied to parole and probation revocation proceedings. *Id.* at 1259 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 485, 489 (1972)). Defendant's right to timely proceedings for revocation of supervised release was not triggered by his initial arrest by local authorities on state criminal charges. Under Ninth Circuit authority, due process concerns "are not triggered when the warrant is placed as a detainer at an institution where the probationer or parolee is already in custody awaiting disposal of an intervening charge or serving a sentence for a crime committed while on supervised release." *United States v. Wickham,* 618 F.2d 1307, 1309, n.3 (9th Cir. 1979) (citing *Moody v. Daggett*, 429 U.S. 78 (1976)). The out-of-circuit authority cited by defendant similarly held that there was no due process violation where the federal government delayed the commencement of probation violation proceedings until after the state imposed its sentence. *United States v. Sackinger*, 537 F. Supp. 1245, 1251 (W.D.N.Y. 1982) ("the government has an interest in imposing some penalty for a violation of probation which is distinct from the state's interest in punishing criminal offenders"), *aff'd,* 704 F.2d 29 (2d Cir. 1983).

Furthermore, defendant has not demonstrated unreasonable delay and prejudice to support a due process claim for revocation proceedings. *See Santana*, 526 F.3d at 1260. The time from his arrest on the supervised release violation to his initial appearance was four days (Sept. 21, 2012 to Sept. 25, 2012), significantly less than the four months that was found reasonable in *Santana*, 526 F.3d at 1261. Rice also complains that it has been over five months since his arrest without a revocation hearing, but even this delay does not approach the eight-month threshold for unreasonable delay under Ninth Circuit authority. *See Santana*, 526 F.3d at 1261. Because criminal charges were filed against defendant, the court has determined that these proceedings on the supervised release violation will trail the proceedings on the bank robbery indictment, CR 12-818 PJH, which is set for trial on March 4, 2013. In view of this record, defendant has not shown any unreasonable delay, nor prejudice, to support a due process violation. Defendant's motion to dismiss the petition for revocation of supervised release is therefore DENIED.

**IT IS SO ORDERED.**

Dated: February 21, 2013

PHYLLIS J. HAMILTON
United States District Judge